**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| DARRYL ROBINSON, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO.: 4:25-CV-00062 |
| | § | |
| GROCERS SUPPLY, | § | |
| | § | |
| *Defendant*. | § | |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT GSC WHOLESALE, LLC'S FIRST AMENDED MOTION TO DISMISS THE COMPLAINT**

Defendant GSC Wholesale, LLC, incorrectly named as "Grocers Supply," (hereinafter, "Grocers Supply" or "Defendant") submits this reply memorandum of law in further support of its Motion to Dismiss *pro se* Plaintiff Darryl Robinson ("Plaintiff")'s Complaint (Dkt. 11).

## I. INTRODUCTION

By its Amended Motion to Dismiss (the "Motion"), Grocers Supply moved pursuant to Federal Rule of Civil Procedure 12(b) to dismiss Plaintiff's Complaint on the single ground that the Complaint is time-barred. *See* Dkt. 11. Specifically, Plaintiff filed his Complaint more than 90 days after he received his Notice of Right to Sue from the Equal Employment Opportunity Commission ("EEOC"). As a result, the Complaint is untimely and must be dismissed. *Id.*

In his Opposition to Grocers Supply's Motion (Dkt. 12), Plaintiff does not dispute that he filed his Complaint more than 90 days after he received the EEOC Notice of Right to Sue. Instead, he argues that he did not "view" the Notice of Right to Sue until eight (8) weeks after he received it. In making this argument, Plaintiff effectively concedes that his Complaint is not timely. Indeed, it is the date the Notice is "received" not "viewed" that triggers the 90-day filing deadline.

## II. ARGUMENT AND AUTHORITIES

### A. Plaintiff's Complaint is Untimely Because He Filed It More Than 90 Days After He Received the Notice of Right to Sue

Plaintiff alleges in his Complaint that he "received a right to sue letter from the EEOC on October 7, 2024." Compl. ¶ 16. In his Opposition to Grocers Supply's Motion, Plaintiff does not alter or waiver from that allegation. Instead, he argues that he did not "***view*** the email containing the Notice of Right to Sue" until some 8 weeks later, on December 2, 2024. Opp. at p. 1 (emphasis added).

However, the case law is clear that what matters is the date the Notice of Right to Sue is "received", not the day it opened, downloaded, or "viewed". *See, e.g. Young v. Martin Marietta Materials Inc.,* No. 22-CV-00272, 2022 WL 18109693, at *5 (E.D. Tex. Nov. 8, 2022), *report and recommendation adopted,* 2023 WL 36069 (E.D. Tex. Jan. 4, 2023) ("the court finds that Plaintiff received notice of the right to sue on March 31, 2022 when counsel received an email from the EEOC . . . . That Plaintiff's counsel did not download the official right-to-sue notice on March 31, 2022 does not change the court's analysis."); *Boyd v. Monroe City Hall*, No. 20-CV-01473, 2021 WL 1305385, at *3 (W.D. La. Mar. 8, 2021), *report and recommendation adopted,* No. 20-CV-01473, 2021 WL 1299204 (W.D. La. Apr. 7, 2021) ("[T]he EEOC notice of right to sue was transmitted to Plaintiff by email on August 17, 2020, and he had ninety days from then, until November 15, 2020, to file suit."); *Chambliss v. Entergy Corp.,* No. CV 22-2488 DIV. 2, 2023 WL 7114669, at *7 (E.D. La. Oct. 27, 2023) ("Plaintiff is deemed to have received notice of the right to sue on May 3, 2022 when his counsel received the email from the EEOC advising that it was terminating the investigation and providing notice of Plaintiff's right to sue within 90 days.").

Accordingly, Plaintiff's argument that the 90-day period began to run when he "viewed" the EEOC's email is unavailing.

**B. Plaintiff Concedes There is No Need to Presume a Later Receipt Date**

Plaintiff argues in his Opposition that "the presumption of receipt date does not apply." Opp. at p. 2. Thus, Plaintiff expressly waives any argument that a later receipt date should apply, and the Court need not consider this argument in the first place.

Moreover, the presumption of a later receipt date only applies in where the date of receipt is unknown. *See Thomas v. McDonough*, No. 3:22-CV-2272-S, 2024 WL 4194327, at *4 (N.D. Tex. Sept. 13, 2024) (The receipt date analysis "'only comes into play when there is a material question as to whether a document was actually received.' . . . [T]his presumption is only 'appropriate when the actual date of receipt [is] unknown.') (quoting *Custer v. Murphy Oil USA, Inc.*, 503 F.3d 415, 419 (5th Cir. 2007) and *Morgan v. Potter*, 489 F.3d 195, 196-97 (5th Cir. 2007)). Here, the receipt date is not in question—Plaintiff alleges he received the Notice of Right to Sue on October 7, 2024 (Compl. ¶ 16)—so the presumption of receipt date has no relevancy here. Again, the fact that he claims that the "EEOC records"[1] indicate that he "viewed the email on December 2, 2024" (Opp. at p. 2.) is irrelevant because the receipt date is admitted to have been eight weeks earlier. *See supra* Point A.

Accordingly, the Court may rely on Plaintiff's allegation in his Complaint that he received the Notice of Right to Sue on October 7, 2024, and should not apply any later receipt date.

**C. Plaintiff Provides No Reason to Apply Equitable Tolling**

The EEOC's ninety-day filing requirement is subject to equitable tolling in certain cases. *Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 239 (5th Cir. 2010) (internal citations omitted.)

---

[1] The "EEOC records" Plaintiff relies on for this argument are not part of his pleading or included as an exhibit, and therefore should not be considered. *See, e.g.*, *Charles v. Posigen of Louisiana*, No. CV 15-2270, 2016 WL 3365391, at *2 (E.D. La. June 17, 2016) (cited by Plaintiff) ("The Court may consider only the pleadings, the documents attached to or incorporated by reference in the plaintiff's complaint, the facts of which judicial notice may be taken, matters of public record, and documents attached to a motion to dismiss when the documents are referred to in the pleadings and are central to a plaintiff's claims.") (citations and internal quotation marks omitted).

However, "[e]quitable tolling applies only in '***rare and exceptional circumstances***.'" *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002) (quoting *David v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)) (emphasis added). Courts typically have only "extended equitable tolling where 'the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'" *Id*. (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 & nn. 3–4, 111 S.Ct. 453 (1990)). *See also Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996) ("Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."). Moreover, "[o]ne who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151, 104 S.Ct. 1723 (1984).

Here, Plaintiff argues that equitable tolling should apply, but he does not explain why. He merely states that he "did not view the email until December 2, 2024" and "thus" the deadline should be tolled. This is plainly insufficient to support an equitable tolling argument. Indeed, in the same case Plaintiff cites to support this argument, the Court declined to toll the deadline under similar circumstances. In *Pulliam v. Northside I.S.D.*, cited by Plaintiff, the Court found that the "plaintiff [had] not demonstrated that any condition which might authorize equitable tolling of the 90-day period." 2006 WL 2022942, at *2 (W.D. Tex. July 14, 2006), *report and recommendation adopted,* No. SA-06-CA-34-FB, 2006 WL 8434168 (W.D. Tex. Sept. 6, 2006), *aff'd sub nom. Pulliam v. Northside Indep. Sch. Dist.,* 226 F. App'x 441 (5th Cir. 2007)) (cited by Plaintiff). It noted first that the plaintiff there, like here, "concede[d] that he received notice of his right-to-sue" on a certain date, and "thus, tolling based upon plaintiff failing to receive the letter or actual notice

is inapplicable because plaintiff did receive the letter and actual notice." *Id*. The Court then went on to note that the plaintiff also "[had] not argued that any of the other situations which might permit equitable tolling [was] present." *Id.* The Court therefore held that "no legal basis exists in this case for tolling the statutorily imposed time limit to file suit." *Id.*

The same is true here: there are no grounds for equitable tolling because Plaintiff admits he received the email attaching the Notice of Right to Sue on October 7, 2024, and although he claims he did not "view" it until eight weeks later, he provides no explanation for that delay that would justify equitable tolling.

Accordingly, the Court should not equitably toll Plaintiff's deadline to file suit under the circumstances present here.

**CONCLUSION**

For the foregoing reasons and those contained in its Amended Motion to Dismiss the Complaint (Dkt. 11), Defendant Grocers Supply respectfully requests that the Court grant its First Amended Motion to Dismiss the Complaint with prejudice and close the case.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

*/s/ Jim Staley*
Jim Staley
Jim.staley@ogletree.com
State Bar No. 24008071
Amanda C. Croushore
State Bar No. 24128163
amanda.croushore@ogletree.com
One Allen Center
500 Dallas Street, Suite 2100
Houston, Texas 77002
713.655.0855
713.655.0020 (Fax)

**ATTORNEYS-IN-CHARGE FOR DEFENDANT GSC WHOLESALE, LLC**

**CERTIFICATE OF SERVICE**

This is to certify that on March 5, 2025, the foregoing document was submitted for electronic filing with the Clerk of the Court using the CM/ECF system, and was served in a manner consistent with the Federal Rules of Civil Procedure on the following party via the following methods:

Darryl Robinson
16755 Ella Blvd., Apt. 76
Houston, TX 77090
Federal Express Next Day 286103683142
CM/RRR 9314769904300132321308

*/s/ Amanda Croushore*
Amanda Croushore